EIDY JUSINO LÓPEZ, a nombre de su esposo FERDINAND BASABE COLÓN, peticionaria y apelada, *v.* TOMÁS ALCALÁ, ALCAIDE CÁRCEL DE DISTRITO DE PONCE, demandado y apelante; TOMÁS ALCALÁ, ALDAIDE CÁRCEL DE DISTRITO DE PONCE, ETC., peticionarios, *v.* TRIBUNAL SUPERIOR, SALA DE BAYAMÓN, HON. RAMÓN R. CABRERA, JUEZ, demandado.

*Números:* O-75-53       *Resueltos:* 21 de abril de 1975
O-75-32

*Myriam Naveira de Rodón, Procuradora General, Peter Ortiz, Subprocurador General,* y *Adolfo J. Vila, Procurador General Auxiliar,* abogados del Alcaide de la Cárcel de Distrito de Ponce y el Pueblo ·de Puerto Rico; *José Torres Ortiz,* abogado de Ferdinand Basabe Colón.

PER CURIAM: Fundada en la declaración jurada de Jorge Isaac Quintero, la policía obtuvo orden de allanamiento para registrar la casa de Ferdinand Basabe y al diligenciarla se ocuparon allí numerosos objetos entre ellos ocho armas de fuego (una carabina cal. 30, dos revólveres "Magnum", cinco cal. 38 y numerosas balas). Acusado Basabe por ocho infracciones de la Ley de Armas ante la Sala de Bayamón, pidió la supresión de evidencia alegando que siendo falsa la declaración de Quintero que sirvió para obtener la orden, el allanamiento resultaba ilegal. En la vista, Quintero se retractó de su declaración y sostuvo que había declarado falsedades bajo coacción y rudeza de la Policía. El juez de instancia, de algún modo impresionado con el testimonio en corte abierta, no permitió al fiscal traer prueba para contradecirlo, decretó la ilegalidad del registro y la supresión de la evidencia ocupada. Al recurrir el Estado expedimos orden para mostrar causa por la que no deba anularse lo actuado en primera instancia.

■ El deponente en una declaración jurada para obtener una orden de allanamiento no tiene la facultad de anular el registro mediante el conocido recurso en el estrato de delincuencia de cambiar la declaración. Los tribunales deben estar advertidos de que está tomando auge esta práctica ilícita de evadir la convicción en delitos graves mediante la cínica estratagema de ganarse la voluntad de un testigo inescrupuloso quien se arriesga a una pena mucho menor, y que muchas veces queda impune, por cambiar una declaración esencial.

■ La retractación o desmentida ha de tomarse con recelo y gran sospecha. Toda prueba disponible debe considerarse antes de llegar a la conclusión de que fue falsa la declaración original. Uno de los elementos a considerar al dirimir el conflicto en la prueba cuando la base de impugnación del registro es la falsedad de la declaración (R.P.C. 234(f)), es la correspondencia o ausencia de ésta entre los objetos delictivos acusados en la declaración y los que de hecho se ocuparen al ejecutar el allanamiento. Al efecto anotamos que en su de-

claración jurada el testigo Quintero dijo haber visto en la habitación del acusado varias armas de fuego entre ellas una escopeta de cañón recortado y cuatro revólveres. La depuración de la verdad ha de seguir un curso exigente lo mismo cuando se trate de privar de la libertad a una persona que cuando la justicia que la sociedad espera se confronta con trucos y maniobras que pueden derrotarla.

El Pueblo debe tener una amplia oportunidad de impugnar estos testimonios de retractación.

*Se expedirá el auto, se dejará sin efecto la resolución de instancia suprimiendo la evidencia, y se devolverá el caso a la sala de origen para que oiga la prueba de impugnación del Estado y siga procedimientos consistentes con esta opinión.*